IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

THOMAS M. WILKERSON            )
                              )
    Plaintiff,              )
                              )          CIVIL ACTION
vs.                            )
                              )          FILE NO.
THE PRUDENTIAL INSURANCE       )
COMPANY OF AMERICA,            )
                              )
    Defendant.              )

## COMPLAINT

## I.  JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement

Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Thomas M. Wilkerson (hereinafter "Plaintiff"), is a citizen of the

United States and of the State of Georgia.

4.

Defendant, The Prudential Insurance Company of America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant, may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

6.

Defendant negotiated, maintained and administered the disability policy and the life insurance policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Molson Coors Beverage Company, contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, an insurance policy for long term disability benefits, was in full force and effect, constituting a binding contract between Defendant and Molson Coors Beverage Company.

10.

Defendant pay long term disability insurance benefits to covered employees of Molson Coors Beverage Company under this policy from its own assets.

11.

Molson Coors Beverage Company offered long term disability coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of Molson Coors Beverage Company.

14.

Under Defendant's long term disability policy, you are disabled when:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you are under the regular care of a doctor; and

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and

- You are under the regular care of a doctor.

15.

Plaintiff worked for Molson Coors Beverage Company  as a Maintenance Analyst/Maintenance Superintendent and ceased working on May 3, 2017 due to pain and other problems caused by lumbar disc disease status post fusion, degenerative disc disease of the cervical spine with radiculopathy, carpal tunnel syndrome, status post bilateral release surgery, status post trigger release surgery, hallus rigidus status port surgical repair, hypertension, diabetes mellitus and obesity.

4

16.

Defendant determined that Plaintiff was disabled and paid benefits from October 30, 2017 through October 29, 2019.

17.

On October 29, 2019, Defendant terminated benefits via letter stating that the medical information did not support impairment that would prevent Plaintiff from performing the material and substantial duties of the gainful occupations of Maintenance Analyst, Project Manager, Production Superintendent and Maintenance Superintendent.

18.

Plaintiff appealed this decision via letter explaining all of his symptoms.

19.

On January 23, 2020, Defendant denied Plaintiff's appeal relying on independent reviews of doctors certified in occupational medicine and psychiatry stating that Plaintiff could perform a gainful occupation.

20.

On February 28, 2020, the Social Security Administration awarded benefits ruling specifically that there were no jobs that existed in significant numbers in the

national economy that Plaintiff could perform given his age, education, work experience and residual functional capacity.

21.

On May 28, 2020, Plaintiff attended a Functional Capacity Evaluation which found that his physical demand characteristic level was below sedentary.

22.

Specifically, it found that Plaintiff's bilateral carrying capabilities were only five pounds among other findings.

23.

On June 29, 2020, Plaintiff's treating physician's office stated that it agreed with the findings of Mr. Wilkerson's Functional Capacity Evaluation and the results were consistent with their evaluation, treatment, observations and objective findings.

24.

On July 13, 2020, Plaintiff appealed the Defendant's January 23, 2020 denial with the findings of the Functional Capacity Evaluation, the questionnaire and the Social Security Administrations findings.

25.

In that letter Plaintiff also included updated medical records.

26.

On July 22, 2020, Defendant asked for Plaintiff's Social Security Award notice.

27.

On July 28, 2020, Plaintiff sent Defendant additional updated medical records.

28.

On August 3, 2020, Defendant sent two peer reviews one from an internal medicine doctor and one from a psychiatrist to Plaintiff so that Plaintiff could respond.

29.

On August 17, 2020, Plaintiff submitted his Social Security statement showing the amount of benefits he received monthly.

30.

On August 18, 2020, Defendant wrote Plaintiff and asked for the Social Security overpayment to be paid back.

31.

On August 20, 2020, Plaintiff's licensed social worker responded to Defendant's psychiatric report stating that Plaintiff is not disabled as a result of psychological conditions.

32.

However, he also pointed out that many of the facts in the psychological report were incorrect.

33.

On August 24, 2020, Plaintiff informed Defendant that he had tested positive for Covid-19 and that this would delay his ability to respond to the internal medicine doctor's report.

34.

On August 25, 2020, Plaintiff sent in the report from the licensed social worker.

35.

On October 16, 2020, Plaintiff submitted additional medical records to Defendant.

36.

On October 23, 2020, Defendant upheld its decision on the basis of the two opinion of the consultants.

37.

Administrative remedies have been exhausted.

38.

Defendant's decision was a breach of the terms of the policy and made in bad faith.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

39.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38 stated above.

40.

Plaintiff is entitled to long term disability benefits under Defendant's Policy for the following reasons:

a.    These benefits are permitted under the plan;

b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.    Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

41.

Defendant has refused to pay disability benefits to Plaintiff despite substantial medical documentation and supportive opinions from Plaintiff's treating providers. As a result of Defendant's failure to pay benefits to Plaintiff, he is entitled to relief as outlined below.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1)   Find and hold Defendant owes Plaintiff disability benefits in the proper amount from October 29, 2019 and continuing, plus the maximum allowable interest on all back benefits;

(2)   Enjoin Defendant from any further prohibited acts against Plaintiff;

(3)   Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4)   Grant other and further relief as may be just and proper.

This the ___1st___ day of April, 2021.

ROGERS, HOFRICHTER & KARRH, LLC

*s/ Heather K. Karrh*
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118
hkarrh@rhlpc.com

Attorneys for Plaintiff